NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES L. SCOFIELD,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-1146

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-383, Judge Alan G. Lance, Sr.

---

Decided: March 15, 2017

---

JAMES L. SCOFIELD, Lake City, FL, pro se.

JOSHUA SCHNELL, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., L. MISHA PREHEIM; Y. KEN LEE, BRYAN THOMPSON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, *Chief Judge,* WALLACH and STOLL, *Circuit Judges.*

PER CURIAM.

James L. Scofield seeks review of the United States Court of Appeals for Veterans Claims ("Veterans Court") order denying his requested relief in *James L. Scofield v. Robert A. McDonald, Secretary of Veterans Affairs*, No. 16-0383 (Vet. App. July 15, 2016). In that case, the Veterans Court dismissed an appeal from a decision of the Board of Veterans' Appeals ("Board") as untimely. Because the Veterans Court correctly dismissed the appeal, we affirm.

I

Mr. Scofield served on active duty from June 1974 to September 1974. On June 18, 2014, the Board granted Mr. Scofield's service connection claim for a left shoulder disability, but denied his request for additional service connection related to a left wrist disability and back and neck injuries. In October 2015, Mr. Scofield sought reconsideration of the Board's decision as it related to the Board's denial of his wrist disability and back and neck injury claims. In December 2015, the Board denied Mr. Scofield's reconsideration request.

In January 2016, more than nineteen months after the Board issued its June 2014 decision, Mr. Scofield filed a notice of appeal with the Veterans Court. In response, the Board issued a show cause order, requesting that Mr. Scofield demonstrate why it should not dismiss his appeal as untimely for exceeding the 120-day statutory period of appeal. In response, Mr. Scofield stated that the Department of Veterans Affairs ("VA") failed to notify him of his appeal rights, which he asserted prevented him from filing a timely notice of appeal. Rejecting this argument, the Veterans Court found that the VA sent Mr. Scofield proper notice of his appeal rights to the June 2014 deci-

sion, and that he was not entitled to equitable tolling of the 120-day appeal period. The Veterans Court concluded that Mr. Scofield filed his appeal in an untimely manner. Mr. Scofield appeals the Veterans Court's dismissal.

## II

On appeal, Mr. Scofield asks us to reverse the Veterans Court and award him the additional service connection. In support, Mr. Scofield argues that the Veterans Court "overlook[ed]/disregard[ed] conditions and [s]ervice medical records regarding [his] actual service connected conditions from Hyperextension Trauma," and requests that we "urge the VA to correct [its] errors." Appellant's Br. 1–2. The government argues that Mr. Scofield did not timely file his notice of appeal and that we should dismiss this appeal.

Under the relevant statute, an appellant must file his notice of appeal within 120 days after the Board mails its notice of decision. 38 U.S.C. § 7266(a). Here, Mr. Scofield filed his notice of appeal nineteen months after the Board mailed its June 2014 decision, which included a two-page document outlining Mr. Scofield's appeal rights. Although this 120-day period is subject to an exception—i.e., equitable tolling—that could justify exceeding this period under certain circumstances, *see Dixon v. Shinseki*, 741 F.3d 1367, 1374 (Fed. Cir. 2014), the Board concluded that Mr. Scofield did not meet this exception. The law does not allow us to disturb these findings on appeal. *See* 38 U.S.C. § 7292(d)(2). Because Mr. Scofield exceeded the period to file his notice of appeal, the Veterans Court correctly deemed that his notice of appeal was untimely.

Accordingly, we affirm the Veterans Court dismissal of the appeal as untimely.

## AFFIRMED

Costs

The parties shall bear their own costs.